UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO 0:17-CV-90-DLB-EBA

AMERICAN GENERAL LIFE　　　　　　　　　　　　　　　　　　　　PLAINTIFF,
INSURANCE COMPANY,

V.

THE ESTATE OF CHAD JUDE　　　　　　　　　　　　　　　　　　　DEFENDANT.

----------------------　　　**MEMORANDUM OPINION
　　　　　　　　　　　　　　　　AND ORDER**

THE ESTATE OF CHAD JUDE　　　　　　　　　　　　　　　COUNTER-PLAINTIFFS,
*and* LORI JUDE,

V.

AMERICAN GENERAL LIFE　　　　　　　　　　　　　　　　　　COUNTER-DEFENDANT.
INSURANCE COMPANY,

*** *** *** ***

This matter is before the Court on Defendant/Counter-Plaintiff's (the Judes) Renewed Motions for Sanctions pursuant to Rule 37. [DE #73 (Motion)]. At the heart of this motion, the Judes argue they have been unfairly prejudiced by Plaintiff/Counter-Defendant's (AGLIC) failure to "timely produce or supplement its discovery responses to include… Swiss RE documents," which they argue "formed the basis" of their decision to rescind Chad Jude's $1,500,000 life insurance policy. [*Id.* at 1; *Id.* at 8]. Accordingly, the Judes request: 1) these Swiss Re documents be excluded; 2) the jury be informed of AGLIC's failure to produce these documents; and 3) expenses and fees associated with bringing this motion. [*Id.* at 14]. In opposing this motion, AGLIC raises several arguments. [DE #75 Response]. Most

1

importantly, AGLIC argues that "[t]here is no controversy here," since they "fully complied" with the Court's order resolving this discovery dispute long ago. [*Id.* at 3].

Having evaluated the briefing and the full record under the applicable standard, the Court finds there is no just cause that would warrant sanctions to AGLIC under Rule 37, and therefore, **DENIES** the Judes' requests outlined in the Renewed Motion for Sanctions [DE #73].

## I. Facts and Procedural History

In this civil action, AGLIC seeks a declaratory judgment rendering Chad Jude's life insurance policy null and void due to alleged fraudulent and material misrepresentations made by Mr. Jude in his application, policy amendment to his application, and medical history. [DE. #1 (Complaint)].

On October 30, 2017, Ms. Laura Stout, an AGLIC underwriter and a deponent in this case, sent a letter to Mr. Jude disclosing AGLIC's decision to rescind his life insurance policy [DE #75-1 (Letter)] on the basis of his alleged failure to fully disclose his medical history. [DE #75-9 at 1-2]. In this letter, Stout makes reference to a condition known as Chiari I malformation and Mr. Jude's "fail[ure] to disclose an MRI performed due to symptoms of dysphagia[,]" which demonstrated diagnosis of this condition. [*Id.* at 2 ¶ 3]. Intending to render Mr. Jude's coverage null and void, and thus rescind his policy due to "incorrect and incomplete" answers provided after issuance of the policy, Stout enclosed a voluntary rescission agreement in the letter. [*Id.*; *Id.* at 4]. This lawsuit commenced as a result of Mr. Jude's decision not to sign and return the agreement. [*See* DE #73 at 2; DE #75 at 7].

The following outline represents the procedural history that ensued relevant to the filing of this motion:

- December 20, 2017: Case deadlines were established in the Court's Scheduling Order. [DE #19].

- February 5, 2018: By joint agreement [*see* DE #23], the deadlines for Rule 26(a)(1) disclosures were extended from January 18, 2018 to February 23, 2018. [DE #24].

- April 5, 2018: This Court accepted the parties' Agreed Protective Order. *See* DE #32. [DE #33].

- April 26, 2018: The Judes filed a Motion to Compel Discovery and Impose Sanctions. [DE #34].

- May 4, 2018: AGLIC filed a Response to DE #34. [DE #38].

- May 9, 2018: The Court conducted the first telephonic conference to address the discovery dispute which led to the Judes' Motion to Compel and Impose Sanctions. [DE #40; DE #60].
    - During the call, the Court made several rulings as to certain Requests for Interrogatories and Production of Documents outlined in the Judes' motion to compel. Additionally, AGLIC was given deadlines for which to revise its privilege log, and to submit— for an *in camera* review— any documents to which it claimed were subject to privilege.

- May 14, 2018: The Court disclosed the results of the *in camera* review.
    - The first five documents were deemed to be privileged, and thus, were not deemed subject to production. The Court concluded that AGLIC's objection as to disclosure of the sixth document was unpersuasive and ordered AGLIC to produce it in accordance with the parties' protective order [DE #33]. [DE #43].

- May 22, 2018: As a follow-up to the matters discussed on May 9, 2018, the Court conducted its second telephonic conference. [DE #49; DE #61].
    - Therein, the parties discussed any recent progress made in their respective cases and revealed the present need to alter case deadlines. Towards the end of the call, counsel for AGLIC notified the Judes' counsel that it would be providing a "Swiss Re Underwriting Manual" relevant to the sixth document that was subject to production. [DE #61 at 18].

- <u>May 22, 2018</u>: An amended scheduling order, detailing new case deadlines discussed during the call, was entered shortly after the call concluded. [DE #50] Notably:
    - The deadline for completion of all fact discovery on the Judes' counterclaim [ DE #15] was Friday, August 31, 2018; and
    - The deadline for supplemental expert disclosures was Monday, September 17, 2018.

- <u>September 21, 2018</u>: The Judes filed this Renewed Motion for Rule 37 Sanctions. [DE #73].

- <u>October 12, 2018</u>: AGLIC filed its Response in Opposition to the Judes' Motion for Sanctions, [DE #75], to which no reply has been filed.

## II. Standard of Review

It is "well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.* (citing Fed. R. Civ. P. 26(b)). In this case, discovery matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), which Congress enacted specifically to relieve the burden of the federal courts by permitting assignment of certain duties to magistrate judges. *Gomez v. United States*, 490 U.S. 858, 869–70 (1989). *See also* DE #19 ¶B (Scheduling Order). In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled only if the district court finds an abuse of discretion. *Trepel v. Roadway Express, Inc.,* 194 F.3d 708 (6th Cir. 1999); *see also* 12

Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n. 20 (2d ed. 1997 & Supp. 2010) (citing cases).[1]

### III. Analysis

Because "AGLIC's initial disclosures did not reference or identify Swiss Re as a source of information to support its claim that [Mr. Jude's] policy should be rescinded[,]" the Judes urge this Court to impose sanctions pursuant to Rule 37(c). [DE # 73 at 9]. Precisely, the Judes' first request is that "[t]he Swiss Re documentation relating to Chiari 1 Malformation… relied upon by AGLIC'S underwriter[, Laura Stout,] be excluded" pursuant to Rule 37(c)(1). Second, they request "[t]hat the jury be informed of AGLIC's failure to produce these documents" pursuant to Rule 37(c)(1)(B). Lastly, pursuant to Rules 37(a)(5), (b)(2)(C), and (c)(1)(A), the Judes "request expenses and fees associated with bringing this motion." [*Id.* at 14].

Under Supreme Court and Sixth Circuit precedent, a district court has "the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Young v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citing *Chambers v. Nasco*, 501 U.S. 32, 43–50 (1991)). Federal Rule of Civil Procedure 37 generally permits the imposition of a variety of sanctions for violations of discovery. Specifically, Rule 37(c)(1) provides sanctions for the failure of a party to make required disclosures. The Sixth Circuit has characterized this rule as requiring "absolute compliance" with Rule 26, with the

---

[1] Generally, an abuse of discretion will be found "when the…[C]ourt applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *First Tech Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993); *see also Fleischut v. Nixon Detroit Diesel, Inc.*, 859 F.2d 26, 30 (6th Cir. 1988). This abuse of discretion standard is used to review a Court's decision to not impose sanctions. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

sanction of exclusion being, "automatic and mandatory unless the sanctioned party can show that its violation was either *justified or harmless*." *Roberts ex rel. Johnson*, 325 F.3d at 782 (emphasis added) (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 741–42 (7th Cir. 1998). The Sixth Circuit rests the burden on the potentially sanctioned party to prove that its actions rose to the level of harmlessness. *R.C. Olmstead, Inc. v. CU Interface, LLC,* 606 F.3d 262, 272 (6th Cir. 2010). "In addition to or instead of this sanction," and depending on the particular circumstances, the Court retains alternative options and may determine that other sanctions are further suited. *See* Fed. R. Civ. P. 37)(c)(1)(A)-(C). For example, Rule 37(c)(1)(A) authorizes a judge to award "payment of the reasonable expenses, including attorney's fees," caused by the defaulting party's failure to disclose or supplement. *Id.* at 37(c)(1)(A). The Rule further allows "other appropriate sanctions." *Id.* at 37(c)(1)(C).

The Sixth Circuit has adopted the Fourth Circuit's five-factor balancing test to "assess whether a party's omitted or late disclosure is 'substantially justified' or 'harmless[.]'" *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). The factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 748 (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014), and *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)); *see also, e.g., Abrams v. Nucor Steel Marion, Inc.,* 694 Fed.Appx. 974, 982 (6th Cir. 2017); *Baker Hughes Inc. v. S&S Chemical, LLC*, 836 F.3d 554, 568-69 (6th Cir. 2016); *Bentley v. Highlands Hosp. Corp.*, No. 7:15-cv-97-ART-EBA, 2016 WL 5867496, at *10 (E.D.

Ky. Oct. 6, 2016). "The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Id.*

1. **The surprise to the Judes**

First, the Judes argue that disclosure of the Swiss Re documents was a "complete surprise" to them since "AGLIC knew [the Judes] needed documents related to Chiari Malformation to prove any materiality to the risk of insurance." [DE #73 at 11]. They further argue that the "true relevance" of the documents was not discovered until the August 23, 2018 deposition of Laura Stout, AGLIC's underwriter, "one week before the amended discovery deadline." Be that as it may, AGLIC's Responses to Defendant's Second Requests for Admissions, dated June 25, 2018, directly contradicts the Judes' suggestion that they could be "surprised," by the production of the Swiss Re chart. [DE #75-12 at 2-3].

> 2. Please admit that the Swiss Re Underwriting chart "Syringomelia and syringobbulbia Life ratings" (Bates #290) will not be used in support of American General's claim to rescind the $1,500,000 life insurance policy.
> 
> **RESPONSE:** Denied. Though American General is not required to take a position at this time on what evidence it intends to offer at trial, 000290 contains information that is relevant to the claims and defenses at issue in this litigation. 000290 specifically references "Arnold-Chiari malformation." Mr. Jude was diagnosed with Chiari malformation on August 15, 2015, and on October 4, 2015, he had Arnold Chiari Malformation decompression surgery.

*Id.*

Under these circumstances, the Court fails to see any plain surprise by the Judes. Apart from the clear evidence above, proving the Judes were aware of the possible significance and relevance of the Swiss Re chart, it is also clear from the parties' discussions that AGLIC's counsel was able to provide Defendants with "any and all documentation or manuals that discuss or describe how and when the charts are to be used." [DE # 75-14; DE# 75-15 (AGLIC May 22, 2018 Email Response)]. *See also* DE #61 at 18 (Transcript of May 22, 2018 Telephone Conference). Consequently, the Court does not recognize the Judes' surprise concerns as valid in this scenario, and thus, this factor weighs heavily in favor of denying Defendants' request for imposing sanctions.

2. **Ability to cure the surprise**

Second, the Judes argue there was not "enough time to conduct discovery on the document." [DE #75 at 15]. However, at the May 22, 2018 telephonic conference, this Court determined that an extension of time was warranted, specifically to accommodate discovery focused on the Swiss Re chart. [DE #49; DE #50]. Indeed, Defendants' counsel's letter, dated May 18, 2018, further explains the reasons necessitating Defendants' need for this extension. Counsel's reasons were explained during the telephonic conference, and this Court agreed. Thus, this factor indeed supports the *Howe* idea of a cure.

3. **Extent to which allowing the evidence would disrupt the trial**

Third, the main reason for stating that AGLIC's "nondisclosure" would have a "major impact" on the trial is because Defendants state they are without an expert witness. However, this factor weighs against the Judes from the inception. As of this date, there is no trial scheduled in this matter and the case stands submitted on motions for summary judgment.

Further, Defendants' argument that they were unable to retain an expert witness lacks any merit. It is evident that counsel was aware of the need for additional time for which to supplement his report, which is why the Court granted the parties request for an extension. *See* DE #50; DE #61; DE #75-14 at 2 ¶2.

   4. **Importance of the evidence**

Fourth, the Judes argue that the Swiss Re documents "may be the most significant piece of evidence in this case." [DE #73 at 13]. Defendants base this proposition on the basis of Laura Stout's deposition testimony, where she disclosed that she "consulted" the document in determining whether to rescind Mr. Jude's policy. [DE #75-8]. Here, the Court certainly agrees with the Judes that the Swiss Re chart is an important piece of evidence. Veritably, the outcome of the Court's *in camera* review indicated consensus on this issue. During review, the Court concluded that five of the documents in question were privileged and should not be produced; however, as to the "sixth document"— which was "printed out by [Plaintiff] in the review and investigation process of determining whether Chad Jude had symptoms during the application process"—we concluded it was both relevant and surely did not meet the threshold of protection by either the attorney-client privilege or the work-product doctrine. [DE #41 at 3]; [DE #43].

This Court made the determination regarding the importance of the Swiss Re chart back in May 14, 2018. The subject of this determination continued to the Court's May 22, 2018 telephonic conference. Correspondingly, the Court found the parties' request for an extension of the discovery deadlines and supplemental expert disclosures to be certainly credible and vital, which is why the Court determined an amendment to case deadlines was

9

warranted. Thereafter, the parties proceeded with conducting discovery; the Court had no reason whatsoever to conceive that there remained any other, outstanding issues to resolve. In fact, the parties' counsel demonstrated an intention to work cooperatively with one another.

Frankly, while the deposition of Ms. Stout did alert Defendants to the fact that the Swiss Re chart was used in the investigation and decision to rescind Mr. Jude's policy, AGLIC had already indicated this fact in their Responses to Defendant's Second Requests for Admissions, as well as in their Revised Privilege Log. *See* DE #75-12 at 2-3; DE #41 at 3. In any case, the Court already addressed the importance of this document— since all the way back in May. While this factor certainly weighs in favor of Defendants, the Court finds that— well before this Renewed Motion for Sanctions was filed— AGLIC has not only conceded but also has plainly displayed their effort to comply with the Court's orders.

**5. AGLIC's explanation for its failure**

This Court takes serious consideration of this factor. This last factor "speaks directly to whether [AGLIC's] untimely disclosures were "substantially justified." *Bentley,* 2016 WL 5867496, at *11; Fed. R. Civ. P. 37(c)(1). AGLIC has offered persuasive, substantial justifications for its original nondisclosure. It was for this reason, after studying the purpose and scope of Rule 26, that the Court denied the Judes' first motion for sanctions. [DE #40]. Nevertheless, Defendants surely remained unsatisfied the Court's decision and remained adamant about pursuing sanctions. *See* #75-14 at 2 ¶2.

"Under Rule 37(c)(1), forgiveness must be earned. Unlike exclusion, it neither comes automatically nor easily." *Bentley*, 2016 WL 5867496, at *11. Here, contrary to Defendants'

10

arguments, the record fully supports AGLIC's compliance with Court orders and its willingness to cooperate with Defendants' counsel in working through discovery disputes. For these reasons, the Court can hardly see how the evidence was tardily-produced, instead only noticing AGLIC's good faith effort to cooperate with Defendants' counsel. While there exist clear-cut cases exemplifying rancor and childlike discovery games between parties, which certainly do warrant sanctions, this case is not one of them.

IV. **Conclusion:**

Ultimately, the Court understands the Judes' concerns of AGLIC's original nondisclosure, but it does not change our initial analysis that sanctions were not warranted then and are not warranted now. Conclusively, there is no reason to assess any sanctions as the Court finds AGLIC has proven that its actions as to the release of the Swiss Re chart was both substantially justified and harmless.

For the reasons stated herein, the Court **DENIES** the Judes' Renewed Motion [DE #73] for monetary or other specific sanctions.

This the 24th day of January, 2019.



Signed By:
Edward B. Atkins
United States Magistrate Judge