**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 17-90-DLB-EBA**

**AMERICAN GENERAL LIFE INSURANCE COMPANY**            **PLAINTIFF**

**v.**          **MEMORANDUM OPINION AND ORDER**

**ESTATE OF CHAD JUDE, by and through its
executrix Lori Jude; LORI JUDE, individually**            **DEFENDANTS**

\*  \*   \*  \*   \*  \*   \*  \*   \*  \*   \*  \*   \*  \*   \*  \*

      Plaintiff American General Life Insurance Company ("American General"), filed the underlying action in 2017, seeking a declaratory judgment voiding a $1.5 million 2015 life insurance policy ("the 2015 policy") issued to Defendant Chad Jude. (Doc. # 1 at 1). American General alleged that Jude had misrepresented the state of his health in his application for the 2015 policy. (*Id*.). In 2019, this Court granted American General's Motion for Summary Judgment, (Doc. # 112), which Jude appealed, (Doc. # 119). The United States Court of Appeals for the Sixth Circuit affirmed in part, reversed in part, and remanded the case to the District Court for further findings consistent with the Sixth Circuit opinion. (Doc. # 122). Following remand, this Court granted in part and denied in part American General's second Motion for Summary Judgment through a Memorandum Opinion and Order entered on July 12, 2021. (Doc. # 139).

      Thereafter, the Judes filed a Motion to Revise the Memorandum Opinion and Order. (Doc. # 140). The Motion has been fully briefed, (Docs. # 141 and 142), and is

1

now ripe for the Court's review. For the reasons set forth herein, Plaintiff's Motion to Revise the Memorandum Opinion and Order is **denied**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts of this case were described in the Court's previous order, (Doc. # 111), were further described by the Sixth Circuit, (Doc. # 122), and were again explained in the Court's most recent order, (Doc. # 139). Therefore, the Court finds it unnecessary to recite the facts for the current motion.

II. **ANALYSIS**

A. **Standard of Review**

Federal Rule of Civil Procedure 54(b) allows for modification of orders "that adjudicate[] fewer than all the claims . . . at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Generally, district courts may "afford such relief from [interlocutory orders] as justice requires." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (alteration in original). There are three situations in which courts may find justification for reconsidering interlocutory orders: "where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (internal brackets omitted) (quoting *Rodriguez*, 89 F. App'x at 959 (internal quotation marks and brackets omitted)). Ultimately, district courts have "significant discretion in deciding motions for reconsideration," *Woods v. RHA/Tenn. Grp. Homes, Inc.*, 803 F. Supp. 2d 789, 798 (M.D. Tenn. 2011), however, motions for reconsideration are "extraordinary in nature and, because they run contrary to finality and repose, should

2

be discouraged." *Younglove Constr., LLC v. PSD Dev., LLC*, 767 F. Supp. 2d 820, 824 (N.D. Ohio 2011).

### B. Punitive Damages

In the pending Motion, the Judes attempt to correct the standard recited by the Court for punitive damages. (Doc. # 140 at 1). The Judes assert that "the correct standard for punitive damages is whether there is evidence of oppression, fraud or gross negligence—not 'bad faith.'" (*Id.*). In its previous Memorandum Opinion and Order, the Court noted that according to the Kentucky Supreme Court, "there must be sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury." (Doc. # 139 at 17) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). The Court then noted that because there was no evidence of bad faith, the Judes could not recover punitive damages. (*Id.*). The Judes argue that *Wittmer* does not stand for the proposition that a showing of bad faith is required to recover punitive damages. (Doc. # 140 at 2-3). However, before discussing the correct legal standard, the Court notes that the Judes' assertion seems rather disingenuous when reviewing their Response to American General's second Motion for Summary Judgment—the section discussing punitive damages is entitled: "[p]unitive damages are allowable in bad faith actions." (Doc. # 133 at 28). The Judes then go on to discuss the relationship between bad faith and punitive damages in the insurance context:

> Kentucky permits the "recovery in tort when an insurance company acts in bad faith" that would include a claim for punitive damages. Kentucky law places "extraordinary confidence" in entrusting juries to consider punitive damages for bad faith. After listening to all of the evidence presented at trial, if there is sufficient evidence of a "reckless disregard to the rights of an insured or claimant," then awarding punitive damages is "a matter within the

3

> jury's discretion."  "[I]f a cause of action existed against [an insurer] for bad faith violations . . . the claimant was entitled to an instruction permitting an award of punitive damages."
>
> Taking all of the evidence in the light most favorable to the nonmoving party and giving them every inference there is a genuine issue of material fact as to whether American General acted in bad faith when it issued the policy in violation of 806 Ky. Admin. Regs. 12:080.  Therefore, summary judgment is not appropriate.

(*Id.* at 29) (internal citations omitted).  Now, following an adverse finding preventing the Judes from recovering punitive damages, they attempt to take a proverbial second-bite at the apple after what they allege was a misstatement of the law *by the Court*, when they presented that misstatement for the Court's review.

Nonetheless, the Court will review the applicable law to ensure its prior decision was correct.  The Judes argue that *Wittmer* does not stand for the proposition that bad faith is required to recover punitive damages, and instead "held that there must be 'bad faith' to get *compensatory* damages."  (Doc. # 140 at 2) (emphasis added).  The Judes now ask the Court to allow for punitive damages if "there [is] sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured."  (*Id.* at 3) (quoting *Wittmer*, 864 S.W.3d at 890).  A closer reading of *Wittmer* reveals the fallacy of their argument.  Directly before the paragraph cited by Plaintiffs, the *Wittmer* court explains that "[t]he essence of the question as to . . . whether there are tortious elements justifying an award of punitive damages depends *first on whether there is proof of bad faith* and *next whether the proof is sufficient for the jury to conclude that there was conduct that is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others*."  864 S.W.2d at 885, 890 (quoting *Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 848 (Ky. 1986) (Leibson, J., dissenting)) (internal quotations and citations omitted) (emphasis added).  This undoubtedly stands for the proposition that, at

4

least in the context of KRS § 304.12-230, bad faith is a prerequisite to an ultimate determination of whether a defendant acted outrageously and therefore may be liable for punitive damages. Accordingly, Plaintiffs' argument that the *Wittmer* court did not require proof of bad faith to include a punitive damages instruction is misplaced.

Moreover, even assuming the standard in *Wittmer* does not apply to violations of KRS § 304.12-010, it is still clear that punitive damages are not recoverable in the instant action. Kentucky's punitive damages framework provides two routes to recovery—"one statutory and one under common law." *St. Joseph Healthcare, Inc. v. Thomas*, 487 S.W.3d 864, 870 (Ky. 2016). Under KRS 411.184(2), punitive damages are recoverable "upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud[,] or malice." "However, in *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), [the Kentucky Supreme Court] held that punitive damages may also be awarded under the common law standard of 'gross negligence.'" *St. Joseph Healthcare*, 487 S.W.3d at 870. Gross negligence requires that a defendant act with "wanton or reckless disregard for the lives, safety, or property of others." *Id.* (quoting *Gibson v. Fuel Transport, Inc.*, 410 S.W.3d 56, 59 (Ky. 2013)).

Under any of the three statutory standards—whether oppression, fraud, or malice—a plaintiff must show by "clear and convincing evidence" that defendant "specifically intended" to harm the plaintiff in some way. Ky. Rev. Stat. §§ 411.184(1)(a)-(c), (2). Likewise, under the common law standard, for the Judes to recover punitive damages, American General would had to have acted with reckless disregard to the Judes' "lives, safety, or property." *St. Joseph Healthcare*, 487 S.W.3d at 870 (quoting

5

*Gibson*, 410 S.W.3d at 59).  The unfortunate reality for the Judes is that the bad faith standard and the punitive damages standard in Kentucky are undoubtedly similar.  The third element of a bad faith claim "'requires evidence that the insurer's conduct was outrageous, or because of his reckless indifference to the rights of others' because a bad faith claim is 'a punitive action.'"  *Bowlin Group, LLC v. Rebennack*, 626 S.W.3d 177, 188 (Ky. Ct. App. 2020).

Similarly, to succeed on a punitive damages claim, the Judes would have to prove American General acted with reckless disregard under the common law standard or acted with a specific intent to harm the Judes under the statutory standard.  Although the Sixth Circuit found that American General violated 806 Ky. Admin. Reg. 12:080, which this Court found to also be a violation of KRS § 304.12-010, the Sixth Circuit explained that because of the scarce case law in the area, "American General's actions did not 'lack reasonable basis in law or fact[,]'" and further noted that "there was room for reasonable disagreement as to the proper outcome of the contested legal issues in this case." (Doc. # 122 at 18).  This finding necessitates the conclusion that American General did not specifically intend to violate the statute and neither did it act with reckless disregard in doing so.  To find otherwise would offend Kentucky jurisprudence which holds that "[u]ncertainty as to application of insurance policy provisions . . . is a reasonable and legitimate reason for an insurance company to litigate a claim."  *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 650 (6th Cir. 2013) (quoting *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 375, 377 (Ky. 2000)).

Additionally, the Judes have presented no evidence to the contrary, except to point out that: "a reasonable juror could easily surmise that American General's conduct was a

failed attempt to avoid the statutory credit enacted to protect the citizens of this Commonwealth." (Doc. # 140 at 6). This type of assumption is not sufficient to survive summary judgment. *Thompson I.G., LLC v. Edgetech I.G. Inc.*, 590 F. App'x 532, 537 (6th Cir. 2014) ("The nonmoving party cannot create a genuine dispute of material fact through mere speculation . . .") (internal quotations omitted). While the Judes argue that the inference of a "clear economic advantage gained by American General to the financial detriment of its insureds," this alone is not enough to survive summary judgment and certainly does not meet the punitive damage standard recited above. Although inferences drawn from material evidence are evaluated while adjudicating a summary judgment motion, the "mere possibility of a factual dispute is not enough." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (internal quotations omitted).

Finally, the Court notes that "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.' Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). The arguments raised in the instant motion undoubtedly could have been raised initially in the Judes' response to American General's second Motion for Summary Judgment.

### III. CONCLUSION

Thus, for the reasons set forth herein, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Reconsideration (Doc. # 140) is **DENIED**;

(2) Plaintiff's Motion to Set a Scheduling Conference (Doc. # 143) is **GRANTED**; and

(3) A **Telephonic Scheduling Conference** is hereby set for **Friday, December 3, 2021 at 11:00 a.m.** The parties **must dial in to this conference at least five (5) minutes before the scheduled time** by following these steps:

- Call AT&T Teleconferencing at 1-877-336-1839; and
- Enter access code 8854898.

This 16th day of November, 2021.

Signed By:
*David L. Bunning*  DB
United States District Judge

M:\DATA\ORDERS\Ashland Civil\2017\17-90 Order on Motion for Reconsideration.docx